# UNITED STATES DISTRICT COURT
for the

Eastern District of Tennessee

| | |
|---|---|
| United States of America<br>v.<br>Edward Kelley, and<br>Austin Carter<br><br>*Defendant(s)* | )<br>)<br>) Case No.<br>)     3:22-MJ-2228<br>)<br>)<br>) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of   November 20, 2022 to Present   in the county of   Blount   in the   Eastern   District of   Tennessee  , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 371 | Conspiracy |
| 18 U.S.C. § 115 | Retaliating Against a Federal Official |
| 18 U.S.C. § 875(c) | Interstate Threats |
| 18 U.S.C. § 373 | Solicitation to Commit a Crime of Violence |

This criminal complaint is based on these facts:
See attached affidavit of FBI Special Agent Anthony Abney.

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Anthony Abney, FBI Special Agent
*Printed name and title*

Sworn to before me and signed in my presence.

Date:   12/15/2022

_____
*Judge's signature*

City and state:   Knoxville, Tennessee

Hon. Jill E. McCook, U.S. Magistrate Judge
*Printed name and title*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>EDWARD KELLEY, and<br>AUSTIN CARTER | Case No. 22-MJ-2228<br><br>**Filed Under Seal** |

**AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT AND ARREST WARRANTS**

I, Anthony Abney, being duly sworn, do depose and state as follows:

**INTRODUCTION AND AGENT BACKGROUND**

1. I am a Special Agent ("SA") with the Federal Bureau of Investigation ("FBI"). I have been in this position since 2022. I am assigned to the Knoxville Division's Joint Terrorism Task Force. In this capacity, I am responsible for investigating violations of Title 18 of the United States Code and other violations of federal law. As part of my duties, I have participated in the execution of federal search and arrest warrants. As an SA, I am authorized by law or by a Government agency to engage in or supervise the prevention, detection, investigation, or prosecution of a violation of Federal criminal laws.

2. I make this affidavit in support of a criminal complaint and arrest warrant against Edward Kelley ("KELLEY") and Austin Carter ("CARTER") for violations of 18 U.S.C §§ 371 (conspiracy), 115 (retaliating against a Federal Official), 875(c) (interstate threats), and 373 (solicitation to commit a crime of violence). Based on my training and experience with the FBI, I am familiar with various criminal statutes, including 18 U.S.C §§ 371, 115, 875(c), and 373.

3. The information contained in this affidavit is known to me through personal knowledge and information received from other law enforcement personnel. As this affidavit is

being submitted for the limited purpose of obtaining a criminal complaint and arrest warrants, I have not included each and every fact known to me concerning this investigation. I have instead set forth facts that I believe are sufficient to establish probable cause for the Court to authorize a criminal complaint and arrest warrants against KELLEY and CARTER.

4. Title 18, U.S.C. § 371 provides in relevant part:

If two or more persons conspire either to commit any offense against the United States, or to defraud the United States, or any agency thereof in any manner or for any purpose, and one or more of such persons do any act to effect the object of the conspiracy, each shall be fined under this title or imprisoned not more than five years, or both.

5. Title 18, U.S.C. § 115(a)(1)(B) provides in relevant part:

Whoever— threatens to assault, kidnap, or murder, a United States official, a United States judge, a Federal law enforcement officer, or an official whose killing would be a crime under such section, with intent to impede, intimidate, or interfere with such official, judge, or law enforcement officer while engaged in the performance of official duties, or with intent to retaliate against such official, judge, or law enforcement officer on account of the performance of official duties, shall be punished as provided in subsection (b).

6. Title 18, U.S.C. § 875(c) provides in relevant part:

Whoever transmits in interstate or foreign commerce any communication containing any threat to kidnap any person or any threat to injure the person of another, shall be fined under this title or imprisoned not more than five years, or both.

7. Title 18, U.S.C. § 373(a) provides in relevant part:

Whoever, with intent that another person engage in conduct constituting a felony that has as an element the use, attempted use, or threatened use of physical force against property or against the person of another in violation of the laws of the United States, and under circumstances strongly corroborative of that intent, solicits, commands, induces, or otherwise endeavors to persuade such other person to engage in such conduct, shall be imprisoned not more than one-half the maximum term of imprisonment or (notwithstanding section 3571) fined not more than one-half of the maximum fine prescribed for the punishment of the crime solicited, or both; or if the crime solicited is punishable by life imprisonment or death, shall be imprisoned for not more than twenty years.

## PROBABLE CAUSE

### CONDUCT LEADING UP TO KELLEY'S MAY 2022 ARREST

8. In December 2021, the FBI received information regarding KELLEY's involvement at the United States Capitol on January 6, 2021. As a result, FBI Knoxville opened an investigation on KELLEY and assigned case agents to further the investigation.

9. On May 3, 2022, the United States District Court for the District of Columbia issued an arrest warrant for KELLEY for the following federal charges:

- 18 U.S.C. § 111(a)(1) – Assaulting, Resisting, or Impeding Officers
- 18 U.S.C. § 231(a)(3) – Civil Disorder
- 18 U.S.C. § 1361 – Destruction of Government Property
- 18 U.S.C. § 1752(a)(1) – Entering & Remaining in a Restricted Building or Grounds
- 18 U.S.C. § 1752(a)(2) – Disorderly & Disruptive Conduct in a Restricted Building or Grounds
- 18 U.S.C. § 1752(a)(4) – Engaging in Physical Violence in a Restricted Building or Grounds
- 40 U.S.C. § 5104(e)(2)(B) – Entering and Remaining in the Gallery of Congress
- 40 U.S.C. § 5104(e)(2)(D) – Disorderly Conduct in a Capitol Building
- 40 U.S.C. § 5104(e)(2)(F) – Act of Physical Violence in the Capitol Grounds or Buildings; and
- 40 U.S.C. § 5104(e)(2)(G) – Parading, Demonstrating, or Picketing in a Capitol Building

10. Pursuant to the arrest warrant, Special Agents and Task Force Officers of the FBI arrested KELLEY at his place of employment in Knoxville, Tennessee on May 5, 2022. Following the arrest of KELLEY, search warrants issued in the Eastern District of Tennessee were executed on KELLEY's vehicle and at KELLEY's residence, which is located in the Eastern District of Tennessee.

## THE INSTANT CRIMINAL CONDUCT BY KELLEY AND CARTER

11. On December 13, 2022, an acquaintance of KELLEY and CARTER ("Witness 1") provided the Maryville, TN police department with an envelope that originated from KELLEY and was given to CARTER.[1] The envelope contained a printed document titled "The list" with approximately thirty-seven names, positions and some phone numbers of the law enforcement personnel who participated in the criminal investigation of KELLEY. The list specifically identified which law enforcement officers were "present at arrest or home search" of KELLEY on May 5, 2022. The list appears to be a computer-generated word document. Additionally, the envelope contained a thumb drive of what appears to be video footage from KELLEY's home security camera from the morning of the search of KELLEY's home on May 5, 2022, which depicts at least one law enforcement officer approaching KELLEY's home.

12. Witness 1 personally knows KELLEY and CARTER. On Sunday, November 20, 2022, KELLEY, CARTER, and Witness 1 used an encrypted instant messaging service (Service 1) to discuss meeting up at Jarvis Park in Maryville, TN on December 3, 2022. Records indicate that KELLEY and CARTER used Service 1 to correspond with Witness 1 on other dates as well. On December 13, 2022, Witness 1 was interviewed by the FBI and provided the following information, in substance and in part:[2]

   a. On December 3, 2022, KELLEY, CARTER, and Witness 1 went on a walk through Jarvis Park.[3] During the walk, KELLEY made a statement to the effect of,

---

[1] As detailed further herein, the information provided to the FBI by Witness 1 is corroborated by, among other things, audio recordings that Witness 1 made, at the direction of the FBI, of both KELLEY and CARTER.

[2] Witness 1 also provided to the FBI a written statement.

[3] Jarvis Park is located in the Eastern District of Tennessee.

4

"with us being such a small group, we will mainly conduct recon missions and assassination missions.["] KELLEY further said, "I don't have the list now, but I will get you the list later on." KELLEY asked CARTER and Witness 1 to collect intel on the individuals that were on the list, which Witness 1 understood KELLEY to be providing at a later date. KELLEY told Witness 1, in sum and substance "reach out to your cop buddies and see what information you can collect on the individuals on the list."

      b.      During the in-person meeting between KELLEY, CARTER, and Witness 1 on December 3, 2022, KELLEY further stated that an example mission they could do was targeting Federal Agents, specifically mentioning the last name of FBI Special Agent 1 (FBI SA 1).

      c.      KELLEY also asked Witness 1 if Witness 1 owned any firearms, to which Witness 1 replied that he owned three. KELLEY asked Witness 1 what optic Witness 1 has on Witness 1's rifle, to which Witness 1 replied that Witness 1 had a red dot and wanted to get a magnifier. KELLEY replied "good" and stated, in sum and substance, that the magnifier will come in handy with us being such a small group and "we will do more long distance things." Witness 1 understood KELLEY's statements to be referring to assassinations.

      d.      On December 13, 2022, CARTER and Witness 1 were working together at their place of employment. At the end of their shift, CARTER told Witness 1 "hang on, I have something for you." Witness 1 asked what it was and CARTER replied "don't open it now, open it later. Burn it when you're done." Witness 1 asked CARTER if CARTER had gotten the envelope from KELLEY, to which CARTER replied: "Yes, memorize it and burn everything in the envelope."

5

Case 3:22-cr-00118-TAV-JEM    Document 3    Filed 12/16/22    Page 6 of 10    PageID #: 8

e. Witness 1 left his place of employment, opened the envelope, and found "The list" and the thumb drive. Witness 1 contacted law enforcement on the morning of December 13, 2022, which led to the interview and the statements described herein.

13. After meeting with law enforcement on December 13, 2022, Witness 1 agreed to make surreptitious recordings of KELLEY and CARTER. On December 14, 2022, Witness 1 made multiple surreptitious audio recordings of KELLEY and CARTER (the "Recordings"), all of which took place over the phone. I have listened to the Recordings, and draft summaries have been prepared by the FBI of the Recordings. Summaries from relevant parts from some of the Recordings are provided below.

a. On December 14, 2022, at approximately 12:18 PM, Witness 1 had a recorded call with CARTER over Service 1. Witness 1 and CARTER discussed what CARTER perceived as surveillance on KELLEY. CARTER further relayed that Witness 1 should "keep an eye out for yourself . . ." Witness 1 asked CARTER "do you know if there's like anybody important that we need to focus on off the list." CARTER replied "at this time, I don't know, but for right now, I would, uh, I would dag gone make sure that that is in an area where it can't be found." Witness 1 replied "yeah, no, definitely not, I have a spot in the attic . . ." CARTER further told Witness 1 "don't connect that flash drive to the internet." CARTER ended the call by telling Witness 1 "if anything changes or you pick up a tail, let us know."

b. On December 14, 2022, at approximately 12:51 PM, Witness 1 had a recorded call with KELLEY over Service 1. KELLEY discussed surveillance that KELLEY believed was on KELLEY's wife and stated "be aware that I'm probably going to get rolled up again, um, we need to make a course of action." KELLEY further stated

6

that their next meeting would not be at Jarvis Park, and that KELLEY wanted to go down to Athens, Tennessee and "do immediate action drills."

    c.      On December 14, 2022, at approximately 2:14 PM, Witness 1 had a recorded call with KELLEY over Service 1. KELLEY told Witness 1 that he (KELLEY) was "heading down to Athens on Christmas Eve, so I'm going to stash some stuff at your place, sound good?" Witness 1 replied "OK," to which KELLEY replied, "cause I need, I need stuff within arm's reach if things are getting the way I hear that they are." Witness 1 replied "what, what kind of thing are you like, just curious so I can put, like know where it is, like does it need to be inside or can I put it in the shed in the back?" KELLEY replied: "it needs to be inside, it's going to be weapons and ammo."

    d.      On December 14, 2022, at approximately 3:45 PM, Witness 1 had a recorded call with KELLEY over Service 1. KELLEY started the call by saying: "I just sent Austin [CARTER] a message, here's your course of action: if I'm extradited to DC or you don't hear about my status within 24 or 48 hours of my, if they are coming to arrest me again, start it. You guys are taking them out at their office. What you and Austin [CARTER] need to do is recruit as many as you can, call [UI] who you need to, and you're going to attack their office. If the same thing happens to any of you guys, I'm doing the same thing, okay?" Witness 1 replied, "just to make sure I'm understanding which office, we're going after the Knox one, right?" KELLEY replied "yes." KELLEY further told Witness 1 "once you guys have enough people . . . you don't have time to train or coordinate, but every hit has to hurt, every hit has to hurt."

    e.      On December 14, 2022, at approximately 5:06 PM, Witness 1 had a recorded call with CARTER over Service 1. Witness 1 asked CARTER if CARTER had

7

talked to KELLEY, and CARTER confirmed that he (CARTER) had talked to KELLEY. Witness 1 asked CARTER if KELLEY went "over the same kind of idea with you, like if one of us gets picked up, the other two . . ." CARTER replied "yeah," and Witness 1 finished the sentence "the other two go in and attack the place. I was just trying to make sure we're all on the same page . . ." CARTER replied: "we might end up with different ideas on how we go about it, but I think the idea is, if it's one it's all, and if it's all it's going to be none." Witness 1 asked CARTER if he (CARTER) was on board with this part, to which CARTER replied: "if you are I am, because I've been in on this for a minute now." CARTER further told Witness 1 that "this is the time, add up or put up" and "to definitely make sure you got everything racked, locked up and loaded."

## SUMMARY

14. As detailed herein, KELLEY and CARTER: (1) conspired to murder federal law enforcement officers, including FBI SA 1, and took overt acts in furtherance of that conspiracy, including by providing a list of targets to Witness 1 to assassinate, in violation of Title 18, U.S.C. § 371; (2) threatened to murder federal law enforcement officers, including FBI SA 1, for the performance of the FBI agents' official duties, in violation of Title 18, U.S.C. § 115(a)(1)(B); (3) communicated interstate threats to murder federal law enforcement officers, in violation of Title 18, U.S.C. § 875(c); and (4) solicited Witness 1 to commit a crime of violence, in violation of Title 18, U.S.C. § 373(a).

8

## CONCLUSION

15. Based on the foregoing, I respectfully submit that there is probable cause to believe that, within the Eastern District of Tennessee, KELLEY and CARTER have violated 18 U.S.C §§ 371 (conspiracy), 115 (retaliating against a Federal Official), 875(c) (interstate threats), and 373 (solicitation to commit a crime of violence).

Respectfully submitted,

Anthony Abney
Special Agent
Federal Bureau of Investigation

Subscribed and sworn to before me on December 15, 2022.

Hon. Jill E. McCook
United States Magistrate Judge

9