UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:22-CR-118-TAV-JEM |
| | ) | |
| EDWARD KELLEY, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

      This case is before the Court on Defendant Edward Kelley's pro se motion for new counsel [Doc. 56] and defense counsels' Motion to Review Attorney/Client Relationship [Doc. 57], both filed on June 17, 2024. The undersigned appointed Assistant Federal Defender George Nicholas Wallace and the Federal Defender Services of Eastern Tennessee ("FDSET") to represent Defendant Kelley at his December 16, 2022 initial appearance on a Criminal Complaint [Doc. 8]. On December 27, 2023, Assistant Federal Defender Jonathan A. Moffatt filed a notice of appearance in this case [Doc. 41].

      In his unsigned, pro se motion, Defendant states that Mr. Moffatt's wife is the law partner of the lawyer who represents Defendant's wife in their divorce proceedings. Defendant is concerned that the details of his criminal case, which he expects to factor into the divorce proceedings, will be divulged to opposing counsel in his divorce case. Accordingly, Defendant asks the Court to appoint new counsel to represent him in this case. Counsels' motion, filed on behalf of FDSET, requests a hearing, stating that counsel have met with Defendant, who continues to request substitute counsel for the reasons stated in the pro se motion.

The parties appeared before the Court for a hearing on the motion on June 20, 2024. Assistant United States Attorney Casey Arrowood appeared on behalf of the Government. Assistant Federal Defenders Nicholas Wallace and Jonathan Moffatt appeared on behalf of Defendant, who was also present. Attorney Mark E. Brown was also present at the Court's request.

At the motion hearing, the Government confirmed that it had no position on the motion. The Court also conducted a sealed, *ex parte* portion of the hearing to learn more about the nature and extent of the problems with the attorney-client relationship. Without going into the confidential nature of that discussion, the Court is reasonably satisfied that sufficient grounds exist to substitute counsel based on a lack of trust in the attorney-client relationship, which has compromised beyond repair counsels' ability to render effective assistance. Good cause therefore exists for substitution of counsel.

Defendant's pro se motion for substitute counsel [**Doc. 56**] and counsels' motion to review the relationship [**Doc. 57**] are **GRANTED**. Assistant Federal Defenders Wallace and Moffatt and FDSET are **RELIEVED** as counsel of record for Defendant. Attorney Mark Brown agreed to accept representation of Defendant at the hearing. The Court **SUBSTITUTES and APPOINTS** Mr. Brown under the Criminal Justice Act, 18 U.S.C. § 3006A, as counsel of record for Defendant. The Court **DIRECTS** former counsel to provide the discovery and information from Defendant's file to Mr. Brown.

Accordingly, the Court **ORDERS**:

> (1) Defendant's pro se motion for substitute counsel [**Doc. 56**] and counsels' motion to review the relationship [**Doc. 57**] are **GRANTED**;
>
> (2) Assistant Federal Defenders George Nicholas Wallace and Jonathan A. Moffatt and FDSET are **RELIEVED** of further representation of Defendant and are **DIRECTED** to provide new counsel with the information from Defendant's file;

(3) Attorney Mark E. Brown is **SUBSTITUTED** and **APPOINTED** as counsel of record for Defendant; and

(4) the Government is **ORDERED** to provide discovery to Attorney Mark Brown on or before **June 27, 2024**.

**IT IS SO ORDERED.**

ENTER:

_____
Jill E. McCook
United States Magistrate Judge