# PROPOSED JURY INSTRUCTION NO. 1

# DIRECT AND CIRCUMSTANTIAL EVIDENCE[1]

(1) Now, some of you may have heard the terms "direct evidence" and "circumstantial evidence."

(2) Direct evidence is simply evidence like the testimony of an eyewitness which, if you believe it, directly proves a fact. If a witness testified that he saw it raining outside, and you believed him, that would be direct evidence that it was raining.

(3) Circumstantial evidence is simply a chain of circumstances that indirectly proves a fact. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

(4) It is your job to decide how much weight to give the direct and circumstantial evidence. The law makes no distinction between the weight that you should give to either one or say that one is any better evidence than the other. You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

---

[1] Sixth Circuit Pattern Criminal Jury Instructions § 1.06 (2023).

**PROPOSED JURY INSTRUCTION NO. 2**

**SEPARATE CONSIDERATION –
SINGLE DEFENDANT CHARGED WITH MULTIPLE CRIMES[2]**

(1) The defendant has been charged with several crimes. The number of charges is no evidence of guilt, and this should not influence your decision in any way. It is your duty to separately consider the evidence that relates to each charge, and to return a separate verdict for each one. For each charge, you must decide whether the government has presented proof beyond a reasonable doubt that the defendant is guilty of that particular charge.

(2) Your decision on one charge, whether it is guilty or not guilty, should not influence your decision on any of the other charges.

---

[2] Sixth Circuit Pattern Criminal Jury Instructions § 2.01A (2023).

**PROPOSED JURY INSTRUCTION NO. 3**

**ON OR ABOUT[3]**

(1) Next, I want to say a word about the dates mentioned in the indictment.

(2) Count One of the indictment charges that the crime happened from an unknown date but at least from "on or about" December 3, 2022, to "on or about" December 15, 2022. Count Two charges that the crime happened from "on or about" December 3, 2022, to "on or about" December 15, 2022. Count Three of the indictment charges that the crime happened "on or about" December 14, 2022. The government does not have to prove that the crimes happened during those exact dates. But the government must prove that the crimes happened reasonably close to those dates.

---

[3] Sixth Circuit Pattern Criminal Jury Instructions § 2.04 (2023).

# PROPOSED JURY INSTRUCTION NO. 4

# INFERRING REQUIRED MENTAL STATE[4]

(1) Next, I want to explain something about proving a defendant's state of mind.

(2) Ordinarily, there is no way that a defendant's state of mind can be proved directly because no one can read another person's mind and tell what that person is thinking.

(3) But a defendant's state of mind can be proved indirectly from the surrounding circumstances. This includes things like what the defendant said, what the defendant did, how the defendant acted, and any other facts or circumstances in evidence that show what was in the defendant's mind.

(4) You may also consider the natural and probable results of any acts that the defendant knowingly did [or did not do], and whether it is reasonable to conclude that the defendant intended those results. This, of course, is all for you to decide.

---

[4] Sixth Circuit Pattern Criminal Jury Instructions § 2.08 (2023).

# PROPOSED JURY INSTRUCTION NO. 5

# USE OF THE WORD "AND" IN THE INDICTMENT[5]

Although the indictment charges that the statute was violated by acts that are connected by the word "and," it is sufficient if the evidence establishes a violation of the statute by any one of the acts charged. Of course, this must be proved beyond a reasonable doubt.

---

[5] Sixth Circuit Pattern Criminal Jury Instructions § 2.12 (2023).

# PROPOSED JURY INSTRUCTION NO. 6

## **CONSPIRACY TO MURDER EMPLOYEES OF THE UNITED STATES**[6]

(1) Count One of the indictment accuses the defendant of a conspiracy to commit the crime of murder against officers and employees of the Unites States in violation of federal law. It is a crime for two or more persons to conspire, or agree, to commit a criminal act, even if they never actually achieve their goal.

(2) Let me remind you that the defendant is only charged with conspiracy in Count One, not the substantive crime of murder against officers and employees of the United States. However, in order for you to find the defendant guilty of conspiracy to murder officers and employees of the United States, I must first explain what it means to murder officers and employees of the United States in violation of federal law. Murder of officers and employees of the United States means the unlawful killing, with malice aforethought, of an officer or employee of the United States or any agency in any branch of the United States government while such officer or employee was engaged in or on account of the performance of official duties, or any person assisting such officer or employee in the performance of such duties or on account of that assistance.

(3) As I said above, the defendant is not charged with the substantive crime of murder against officers and employees of the United States but rather a conspiracy to commit that crime. A conspiracy is a kind of criminal partnership. For you to find the defendant guilty of the conspiracy charge, the government must prove each and every one of the following elements beyond a reasonable doubt:

---

[6] Sixth Circuit Pattern Criminal Jury Instructions § 3.01A (2023); 18 U.S.C. §§ 1111, 1114, and 1117.

(A) First, that two or more persons conspired, or agreed, to commit the crime of murder against officers and employees of the United States.

(B) Second, that the defendant knowingly and voluntarily joined the conspiracy.

(C) And third, that a member of the conspiracy did one of the overt acts described in the indictment for the purpose of advancing or helping the conspiracy.

(4) Employees of the Federal Bureau of Investigation are "officers and employees" of the United States.[7]

(5) You must be convinced that the government has proved all of these elements beyond a reasonable doubt in order to find the defendant guilty of the conspiracy charge.

---

[7] *See generally*, *United States v. Talley*, 164 F.3d 989 (6th Cir. 1999).

## PROPOSED JURY INSTRUCTION NO. 7

## AGREEMENT[8]

(1) With regard to the first element--a criminal agreement--the government must prove that two or more persons conspired, or agreed, to cooperate with each other to commit the crime of murder against officers and employees of the Unites States.

(2) This does not require proof of any formal agreement, written or spoken. Nor does this require proof that everyone involved agreed on all the details. But proof that people simply met together from time to time and talked about common interests, or engaged in similar conduct, is not enough to establish a criminal agreement. These are things that you may consider in deciding whether the government has proved an agreement. But without more they are not enough.

(3) What the government must prove is that there was a mutual understanding, either spoken or unspoken, between two or more people, to cooperate with each other to commit the crime of murder against officers and employees of the Unites States. This is essential.

(4) An agreement can be proved indirectly, by facts and circumstances which lead to a conclusion that an agreement existed. But it is up to the government to convince you that such facts and circumstances existed in this particular case.

---

[8] Sixth Circuit Pattern Criminal Jury Instructions § 3.02 (2023).

# PROPOSED JURY INSTRUCTION NO. 8
# DEFENDANT'S CONNECTION TO THE CONSPIRACY[9]

(1) If you are convinced that there was a criminal agreement, then you must decide whether the government has proved that the defendant knowingly and voluntarily joined that agreement. To convict the defendant, the government must prove that he knew the conspiracy's main purpose, and that he voluntarily joined it intending to help advance or achieve its goals.

(2) This does not require proof that a defendant knew everything about the conspiracy, or everyone else involved, or that he was a member of it from the very beginning. Nor does it require proof that a defendant played a major role in the conspiracy, or that his connection to it was substantial. A slight role or connection may be enough.

(3) But proof that a defendant simply knew about a conspiracy, or was present at times, or associated with members of the group, is not enough, even if he approved of what was happening or did not object to it. Similarly, just because a defendant may have done something that happened to help a conspiracy does not necessarily make him a conspirator. These are all things that you may consider in deciding whether the government has proved that a defendant joined a conspiracy. But without more they are not enough.

(4) A defendant's knowledge can be proved indirectly by facts and circumstances which lead to a conclusion that he knew the conspiracy's main purpose. But it is up to the government to convince you that such facts and circumstances existed in this particular case.

---

[9] Sixth Circuit Pattern Criminal Jury Instructions § 3.03 (2023).

# PROPOSED JURY INSTRUCTION NO. 9

## OVERT ACTS[10]

(1) The third element that the government must prove is that a member of the conspiracy did one of the overt acts described in the indictment for the purpose of advancing or helping the conspiracy.

(2) The indictment lists overt acts. The government does not have to prove that all these acts were committed, or that any of these acts were themselves illegal.

(3) But the government must prove that at least one of these acts was committed by a member of the conspiracy, and that it was committed for the purpose of advancing or helping the conspiracy. This is essential.

---

[10] Sixth Circuit Pattern Criminal Jury Instructions § 3.04 (2023).

# PROPOSED JURY INSTRUCTION NO. 10

## UNINDICTED, UNNAMED, OR SEPARATELY TRIED CO-CONSPIRATORS[11]

Now, some of the people who may have been involved in these events are not on trial. This does not matter. There is no requirement that all members of a conspiracy be charged and prosecuted or tried together in one proceeding.

---

[11] Sixth Circuit Pattern Criminal Jury Instructions § 3.06 (2023).

# PROPOSED JURY INSTRUCTION NO. 11

# IMPOSSIBILITY OF SUCCESS[12]

One last point about conspiracy. It is no defense to a conspiracy charge that success was impossible because of circumstances that the defendants did not know about. This means that you may find the defendants guilty of conspiracy even if it was impossible for them to successfully complete the crime that they agreed to commit.

---

[12] Sixth Circuit Pattern Criminal Jury Instructions § 3.13 (2023).

# PROPOSED JURY INSTRUCTION NO. 12

## SOLICITATION TO COMMIT A CRIME OF VIOLENCE[13]

(1) Count Two of the indictment charges the defendant with solicitation to commit a crime of violence. Specifically, the indictment charges the defendant with soliciting the crime of murder against officers and employees of the United States.

(2) For you to find the defendant guilty, the government must prove each of the following beyond a reasonable doubt:

    (A) First, that the defendant intentionally solicited, commanded, induced, or otherwise endeavored to persuade another person to engage in conduct.

    (B) The conduct constituted a federal felony that had as an element the use, attempted use, or threatened use of physical force against property or against the person of another.

    (C) The circumstances must be strongly corroborative of the intent.

(3) If you are convinced that the government has proved all these elements, say so by returning a guilty verdict on Count Two. If you have reasonable doubt about any one of these elements, then you must find the defendant not guilty of this charge.

---

[13] 18 U.S.C. §§ 373, 1114.

# PROPOSED JURY INSTRUCTION NO. 13

# THREATS AGAINST FEDERAL OFFICIALS[14]

(1) Count Three of the indictment charges the defendant with threatening to assault or murder a federal law enforcement officer.

(2) For you to find the defendant guilty, the government must prove each of the following elements beyond a reasonable doubt:

    (A) First, that the defendant threatened to assault, kidnap, or murder a federal law enforcement officer.

    (B) Second, that the defendant did so with the intent to impede, intimidate, or interfere with such federal law enforcement officer while the officer was engaged in the performance of official duties, or with intent to retaliate against such officer on account of the performance of official duties.

(3) The word "threat" means a statement that is a serious expression of intent to inflict bodily harm on a particular person or a particular group of individuals that a reasonable observer would perceive to be an authentic threat. To qualify as a threat, the statement need not be communicated to the targeted individuals.

(4) The government must show that the defendant had some subjective understanding of the threatening nature of his statements. It is sufficient to show that the defendant consciously disregarded a substantial risk that his communications would be viewed as threatening violence.

(5) The government need not prove that the defendant intended to carry out the threat or was capable of carrying out the threat at the time it was made.

---

[14] Sixth Circuit Pattern Criminal Jury Instructions § 18.01 (2023); 18 U.S.C. § 115(a)(1)(B); *Counterman v. Colorado*, 600 U.S. 66, 69 (2023).

(6) If you are convinced that the government has proved all these elements, say so by returning a guilty verdict on Count Three. If you have reasonable doubt about any one of these elements, then you must find the defendant not guilty of this charge.

## PROPOSED JURY INSTRUCTION NO. 14

## OPINION TESTIMONY[15]

(1) You have heard the testimony of FBI Physical Scientist Icel Kuznetsova and FBI Forensic Examiner Pasquale Rinaldi, who testified as opinion witnesses.

(2) You do not have to accept their opinion. In deciding how much weight to give it, you should consider the witnesses' qualifications and how they reached their conclusions. Also consider the other factors discussed in these instructions for weighing the credibility of witnesses.

(3) Remember that you alone decide how much of a witness's testimony to believe, and how much weight it deserves.

---

[15] Sixth Circuit Pattern Criminal Jury Instructions § 7.03 (2023).

# PROPOSED JURY INSTRUCTION NO. 15

## WITNESSES TESTIFYING TO BOTH FACTS AND OPINIONS[16]

(1) You have heard the testimony of FBI Physical Scientist Icel Kuznetsova and FBI Forensic Examiner Pasquale Rinaldi, who testified to both facts and opinions. Each of these types of testimony should be given the proper weight.

(2) As to the testimony on facts, consider the factors discussed earlier in these instructions for weighing the credibility of witnesses.

(3) As to the testimony on opinions, you do not have to accept their opinions. In deciding how much weight to give them, you should consider the witness's qualifications and how they reached their conclusions along with the other factors discussed in these instructions for weighing the credibility of witnesses.

(4) Remember that you alone decide how much of a witness's testimony to believe, and how much weight it deserves.

---

[16] Sixth Circuit Pattern Criminal Jury Instructions § 7.03A (2023).

# PROPOSED JURY INSTRUCTION NO. 16
# TESTIMONY OF A PAID INFORMANT[17]

(1) You have heard the testimony of Christopher Roddy. You have also heard that he received money from the government in exchange for providing information.

(2) The use of paid informants is common and permissible. But you should consider this testimony with more caution than the testimony of other witnesses. Consider whether his testimony may have been influenced by what the government gave him.

(3) Do not convict the defendant based on the unsupported testimony of such a witness, standing alone, unless you believe his testimony beyond a reasonable doubt.

---

[17] Sixth Circuit Pattern Criminal Jury Instructions § 7.06A (2023).

## PROPOSED JURY INSTRUCTION NO. 17

## **TESTIMONY OF AN ACCOMPLICE**[18]

(1) You have heard the testimony of Austin Carter. You have also heard that he was involved in the same crime that the defendant is charged with committing. You should consider Austin Carter's testimony with more caution than the testimony of other witnesses.

(2) Do not convict the defendant based on the unsupported testimony of such a witness, standing alone, unless you believe his testimony beyond a reasonable doubt.

(3) The fact that Austin Carter has pleaded guilty to a crime is not evidence that the defendant is guilty, and you cannot consider this against the defendant in any way.

---

[18] Sixth Circuit Pattern Criminal Jury Instructions § 7.08 (2023).

# PROPOSED JURY INSTRUCTION NO. 18

# TRANSCRIPTIONS OF RECORDINGS[19]

(1) You have heard some recorded conversations that were received in evidence, and you were given some written transcripts of the recordings.

(2) Keep in mind that the transcripts are not evidence. They were given to you only as a guide to help you follow what was being said. The recordings themselves are the evidence. If you noticed any differences between what you heard on the recordings and what you read in the transcripts, you must rely on what you heard, not what you read. And if you could not hear or understand certain parts of the recordings, you must ignore the transcripts as far as those parts are concerned.

---

[19] Sixth Circuit Pattern Criminal Jury Instructions § 7.17 (2023).