UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>EDWARD KELLEY | No. 3:22-CR-118<br><br>Judge Varlan |

**UNITED STATES' RESPONSE TO DEFENDANT'S
MOTION TO VACATE JURY CONVICTION AND DISMISS INDICTMENT**

The United States opposes the defendant's motion to dismiss. (Docs. 93, 94). The plain language of the presidential Proclamation he cites forecloses the relief he seeks. Further, the defendant has identified no authority supporting his position that the Court should compel the United States' dismissal pursuant to that Proclamation. His motion should be denied.

In late 2022, defendant Edward Kelley devised a plan to murder federal, state, and local law enforcement in East Tennessee. He drew up a list of the people he intended to assassinate, including agents, officers, and employees of the FBI, Tennessee Bureau of Investigation, Tennessee Highway Patrol, Maryville Police Department, Blount County Sheriff's Office, and Clinton Police Department. He solicited others to reconnoiter and murder them at their offices, near their homes, and in public places. He and his coconspirator made plans to attack the FBI using improvised explosive devices in vehicles and incendiary devices attached to drones.

In December 2022, a grand jury in the Eastern District of Tennessee returned an indictment charging Kelley with conspiracy to murder employees of the United States in violation of 18 U.S.C. § 1117, solicitation to commit a crime of violence in violation of 18 U.S.C. § 373, and influencing a federal official by threat in violation of 18 U.S.C. § 115. (Doc. 17). After a three-day trial, a jury found Kelley guilty on all counts. (Doc. 85).

On January 20, 2025, the President issued a Proclamation Granting Pardons and Commutation of Sentences for Certain Offenses Relating to the Events at Or Near the United States Capitol on January 6, 2021 (the "Proclamation"). The Proclamation directed the Attorney General to "administer and effectuate the immediate issuance of certificates of pardon to all individuals" who were "convicted of offenses related to events that occurred at or near the United States Capitol on January 6, 2021" and to dismiss with prejudice all pending indictments against individuals for conduct related to those events. 90 Fed. Reg. 8331 (Jan. 20, 2025). Accordingly, the United States Attorney's Office for the District of Columbia filed a motion to dismiss many cases, including D.D.C. Case No. 1:22-cr-408 against the defendant (the "D.C. Case"), and that motion was granted. (*See* D.C. Case, Docs. 87, 88). The indictment in the D.C. Case was based on the defendant's conduct at or near the United States Capitol on January 6, 2021.

In his motion to dismiss his indictment and vacate his jury convictions in this case, the defendant contends that his 2022 conduct in East Tennessee is related to events that occurred at or near the United States Capitol on January 6, 2021, and therefore, covered by the Proclamation. The defendant is wrong.

As both parties made explicitly clear to the Court and jury throughout litigation in this Court, this case is not about January 6, 2021. It is not about the defendant's "conduct related to events at or near the United States Capitol" on that date. This case is about the defendant's entirely independent criminal conduct in Tennessee, in late 2022, more than 500 miles away from the Capitol: threatening, soliciting, and conspiring to murder agents, officers, and employees of the FBI, Tennessee Bureau of Investigation, Tennessee Highway Patrol, Maryville Police Department, Blount County Sheriff's Office, and Clinton Police Department.

The defendant's conduct in this case was unrelated in both time and place to the events that occurred at or near the United States Capitol on January 6, 2021. The crimes for which an East Tennessee jury convicted the defendant did not occur at or near the United States Capitol on January 6, 2021. They occurred entirely within the Eastern District of Tennessee nearly two years later. By the plain language of the Proclamation, dismissal of this case is not warranted. Other courts have reached the same conclusion for conduct separate in time or place from the events at or near the United States Capitol on January 6, 2021. *See, e.g.*, *United States v. Taranto*, D.D.C. Case No. 1:23-cr-229, Minute Order, Feb. 12, 2025; *United States v. Wilson*, D.D.C. Case No. 1:23-cr-427, Minute Orders, Feb. 3 & 7, 2025.

Moreover, the defendant has identified no legal basis to support his request for dismissal. Although the government may dismiss a criminal matter "with leave of court," Fed. R. Crim. P. 48(a), the power to decide when to investigate and prosecute "lies at the core of the Executive's duty to see to the faithful execution of the laws," *Cmty. For Creative Non-Violence v. Pierce*, 786 F.2d 1199, 1201 (D.C. Cir. 1986), and "the capacity of prosecutorial discretion to provide individualized justice is firmly entrenched in American law," *McClesky v. Kemp*, 481 U.S. 279, 311-12 (1987). The defendant cites no authority for the proposition that the Court can expand Rule 48(a) to compel the Executive to dismiss more charges than it wishes to dismiss. Based on the unambiguous language of the Proclamation – and after consultation with officials in the Department of Justice – the United States opposes the defendant's motion for dismissal.

The Attorney General has administered and effected the President's Proclamation. The defendant's D.C. Case has been dismissed. The Proclamation does not provide any relief as to the defendant's crimes in Tennessee. This case should not be dismissed, and the defendant should be sentenced as scheduled on May 7, 2025.

Respectfully submitted,

FRANCIS M. HAMILTON III
UNITED STATES ATTORNEY

By:     */s/ Casey T. Arrowood*
         Casey T. Arrowood
         Kyle J. Wilson
         Assistant United States Attorneys
         TN BPR No. 038225
         TN BPR No. 031844
         800 Market Street, Suite 211
         Knoxville, TN 37902
         (865) 545-4167
         Casey.Arrowood2@usdoj.gov
         Kyle.Wilson@usdoj.gov