IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>*Plaintiff,* )<br>)<br>v. )<br>)<br>EDWARD KELLEY, )<br>)<br>)<br>*Defendant.* )<br>_____) | Case No.: 3:22-CR-118-TAV |

**BRIEF IN SUPPORT OF MOTION FOR RELIEF**

William Taylor submits this Brief in Support of his Motion for Relief ("Brief"), filed simultaneously with his Motion for Relief, in the above styled and numbered case pursuant to 18 U.S.C. § 3771.

**Basic Facts**

<u>Letter A</u>

1. On or about August 12, 2024, William Taylor delivered an unredacted letter ("Letter A") to this Court concerning the criminal investigation of Defendant Edward Kelley in this case.

2. On or about August 12, 2024, the Court held a pre-trial conference with the parties. According to the Docket in this case, during this pre-trial conference the Court referenced and discussed Letter A with counsel for the United States and for the Defendant, provided counsel for both parties with an unredacted copy of Letter A, and orally ordered that Letter A was to "remain under seal." The written docket entry confirms the oral order for Letter A to remain under seal.

3. Sometime between August 12, 2024, and November 4, 2024, Letter A (or Letter A's contents) and Taylor's name as its writer and signatory was shared with numerous FBI agents and other U.S. Department of Justice employees who did not have a valid need to know who wrote and submitted it to this Court. The purpose and effect of sharing this information in this way was retaliation against whistleblower Taylor. These actions violated Taylor's rights to fairness and respect for his dignity and privacy under 18 U.S.C. § 3771, known as the federal Crime Victims Rights Act ("CVRA"). In addition, the sharing of Letter A (or Letter A's contents) by the AUSAs assigned to the case, the FBI case agent, and/or other U.S. Department of Justice employees or officers subject to the CVRA, also violated this Court's Sealing Order.

4. In or about November 2024 and prior to trial of this matter, the parties agreed Letter A would not be introduced or used as evidence at trial. On or about November 18, 2024, Taylor also was informed by defense counsel he no longer planned to call Taylor as a witness at trial. In addition, the Court reaffirmed Letter A was to remain under seal.

5. Sometime between August 12, 2024, and March 5, 2025, Defendant's counsel provided an unredacted copy of Letter A to Defendant.

6. On or about March 5, 2025, Taylor received a phone call at his home, out of the blue, from Jake Lang, a blogger and January 6 Defendant who had received a commutation or pardon and had been released from prison. Mr. Lang was using his online blog to try to help other January 6 defendants to be released from prison, including Edward Kelley. During this call, Taylor discovered Jake Lang had been in contact with Edward Kelley and Lang had in his possession an unredacted copy of

Letter A. Lang said he received the unredacted Letter A from Edward Kelley which Lang had used to call Taylor at his home.

7. On or about March 13, 2025, Taylor discovered that Jake Lang had posted significant portions of Letter A verbatim on his public blog. As a result of this posting, the entire January 6 online community now has access to significant portions of the unredacted copy of Letter A including Taylor's name and prior employment as an FBI agent. To date, Taylor has not discovered any publishing of his home address or home phone number by Lang, but Lang could publish this information at any time because he has an unredacted copy of Letter A.

### Letter B

8. On or about February 7, 2025, William Taylor delivered a second unredacted letter ("Letter B"), this time addressed to U.S. Attorney Francis Hamilton at the U.S. Attorney's Office in Knoxville, TN.

9. On or about February 28, 2025, the U.S. Attorney's office filed a "Motion for Leave to File Document Under Seal" in reference to unredacted Letter B described by the U.S. Attorney's office as "relate[d] to material that was previously sealed by the Court." Docket Entry #98. This Court immediately sealed Letter B. Docket Entry #100 (Court order approving Motion to Seal Letter B). The U.S. Attorney's office also provided an unredacted copy of Letter B to Edward Kelley's defense counsel. Regardless of whether it was appropriate to file Letter B with the Court and provide a copy to Defendant's counsel, the U.S. Attorney's Office should have redacted, but did not, Taylor's home address and home phone number before filing Letter B with this Court

3

and before providing a copy of Letter B to Defendant's counsel. *See* 18 U.S.C. § 3771. *See* also Fed. R. Crim. Proc. 49.1(a).

10. Sometime between February 7, 2025, and March 5, 2025, Defendant's counsel provided an unredacted copy of Letter B to Defendant.

11. On or about March 4, 2025, Brittany Bailey, a reporter from WBIR (NBC), left Taylor a message on his home phone. Bailey said she had been talking to Edward Kelley about his case and he suggested she reach out to Taylor and gave her Taylor's home phone number.

## Authorities and Analysis

12. On or about March 5, 2025, Brittany Bailey and Taylor spoke by phone. She confirmed that Edward Kelley had provided her unredacted copies of Letter A and Letter B, including Taylor's name, home phone number, and home address.

13. The federal Crime Victims' Rights Act ("CVRA") provides federal crime victims like William Taylor with certain enforceable rights. These CVRA rights include, but are not limited to, the "right to be reasonably protected from the accused" and the "right to be treated with fairness and with respect for the victim's dignity and privacy." 18 U.S.C. § 3771(a) and (a)(8).

14. In addition, the CVRA requires "[o]fficers and employees of the Department of Justice and other [federal agencies] engaged in the detection, investigation, or prosecution of crime [to] make their *best efforts* to see that crime victims are notified of, and accorded, the rights [set forth in the CVRA]." 18 U.S.C. § 3771(d) (emphasis added).

15. As set forth in Taylor's Motion for Relief and this Brief in Support of the Motion for Relief, the FBI, the U.S. Attorney's Office for the Eastern District of Tennessee, the Defendant, and Defendant's counsel have each violated Taylor's rights as a federal crime victim pursuant to the CVRA and as protected by the Court's Sealing Orders for Letters A and B.

16. The FBI and the U.S. Attorney's Office for the Eastern District of Tennessee violated William Taylor's CVRA rights and the Court's Letter A Sealing Order by sharing Letter A (or Letter A's contents) and revealing William Taylor's name as its writer and signatory with numerous FBI agents and other U.S. Department of Justice employees who did not have a valid need to know the contents of Letter A or to know who wrote and submitted it to this Court. The U.S. Attorney's Office for the Eastern District of Tennessee also violated Taylor's CVRA Rights (and Fed. R. Crim. Pro. 49.1(a)) by submitting Letter B to the Court without redacting personal identifying information and may have violated the Court's Letter B Sealing Order by providing an unredacted copy of Letter B to Defendant's counsel.

17. Defendant violated the Court's Sealing Orders by distributing unredacted copies of Letter A and Letter B to third parties. Defendant's Counsel violated at least one of the Court's Sealing Orders by providing an unredacted copy of Letter A or Letter B or both to the Defendant.

## Conclusion

For the reasons set forth in this Brief, William Taylor requests this Court grant him the relief sought and set forth in Taylor's Motion for Relief filed simultaneously with this Brief.

5

Respectfully submitted,

Date: March 28, 2025

/s/ *Matt M. Dummermuth*
Matt M. Dummermuth
(*Pro Hac Vice* admission pending)
BINNALL LAW GROUP, PLLC
717 King Street, Suite 200
Alexandria, Virginia 22314
Phone: (703) 888-1943
Fax: (703) 888-1930
Email: matt@binnall.com

*Counsel for William Taylor*

## CERTIFICATE OF SERVICE

I hereby certify that on March 28, 2025, a true and correct copy of the foregoing was served by first class mail and electronic mail on:


**Mark E Brown**
Menefee & Brown, P.C.
2633 Kingston Pike
Suite 100
Knoxville, TN 37919
865-357-9800
Fax: 865-357-9810
Email: mbrown@menefeebrown.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: CJA Appointment*

**Casey Thomas Arrowood**
U S Department of Justice (Knox USAO)
Office of U S Attorney
800 Market Street
Suite 211
Knoxville, TN 37902
(865) 225-1720
Email: casey.arrowood2@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: United States Attorney*

**Kyle J Wilson**
U S Department of Justice (Chattanooga USAO)
Office of U S Attorney
1110 Market Street
Suite 515
Chattanooga, TN 37402
423-752-5140
Email: kyle.wilson@usdoj.gov
*ATTORNEY TO BE NOTICED*
*Designation: United States Attorney*

/s/ *Matt M. Dummermuth*
Matt M. Dummermuth
*Counsel for William Taylor*
