IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE

| UNITED STATES OF AMERICA, | ) |
|---|---|
| | ) |
| v. | ) Case No. 3:22-CR-118-TAV-JEM |
| | ) JUDGE VARLAN |
| EDWARD KELLEY, | ) Magistrate Judge McCook |
| | ) |
| Defendant. | ) |

### RESPONSE OF THE DEFENDANT EDWARD KELLY TO THE MOTION TO INTERVENE AND MOTION FOR RELIEF FILED BY WILLIAM TAYLOR

COMES the Defendant Edward Kelley ("Kelley"), by and through counsel, and responds to the Motion to Intervene and Motion for Relief filed by William Taylor ("Taylor"). Kelley and his counsel do not take a position on whether Taylor should be permitted to intervene. They only assert that Taylor cannot make a claim against either under the Crime Victims' Rights Act.

As this Court is aware, the parties appeared on August 12, 2024, for a pretrial conference with the expectation that this case would be tried beginning on August 13th. Taylor submitted what he calls Letter "A" that morning at the clerk's office. When presented with the letter, Kelley's counsel requested a continuance so he could determine if the allegations made therein would assist in Kelley's defense. The Government did not object and the case was moved to November.

Counsel shared Letter A with his client which a simple check of the Rules of Professional Responsibility would show that he had an ethical obligation to do. See, Tenn. Sup. Ct. R. 8, RPC 1.4(a)(2), (3) ("A lawyer shall: (2) reasonably consult with the client about the means by which the client objectives are to be accomplished; (3) keep the client reasonably informed about the status of the matter"). Counsel also shared the letter with an investigator he hired to investigate the allegations and interview Taylor and with Federal Defender Services of Eastern Tennessee

("FDS") as at the time FDS was still counsel of record for Kelley in his case pending in Washington, D.C.[1]

The Investigator hired by counsel contacted Taylor and arranged an interview. That was subsequently cancelled when Taylor hired counsel. At that point, neither counsel nor Kelley had any contact with Taylor. Counsel did inform Taylor in the Courtroom that he wasn't going to call him as a witness at trial.

Counsel has had no further contact with Taylor. The investigator did attempt to contact him later (see below). Neither Kelley nor his counsel can speak to the contact that either the FBI or the U.S. Attorney may have had with Taylor. They can explain that if they choose.

Unknown to either Kelley or his counsel, on February 7, 2025, Taylor submitted a second letter (called Letter B). This one was addressed to the United States Attorney's Office. The U.S. Attorney's Office provided a copy to counsel, who again provided it to the Defendant as was his obligation.

Counsel also provided a copy to the investigator and asked him to reach out to Taylor once again to see if he would agree to be interviewed. It is counsel's understanding that the investigator never talked to Taylor and after the pleadings at issue were dropped off at counsel's office on Friday March 28th, he instructed the investigator to stop trying to make contact.

At no time has counsel spoken with Brittany Bailey of WBIR-TV, although she did leave a phone message which counsel did not return. Kelley has spoken to Ms. Bailey which he has a First Amendment right to do. Kelley has – on several occasions – spoken with Jake Lang. Counsel only spoke to Lang once and it was unrelated to Taylor and he did not provide Lang with any information, much less information that would be considered sensitive in nature.

---

[1] Counsel was eventually substituted in as counsel in the D.C. case, but as of August 12, 2024 FDS still represented Kelley and thus needed to know of the allegations in the letter.

There is no protective order in place, so to the extent Mr. Kelley turned over a copy of the letter he cannot violate a non-existent order. Mr. Kelley also has an absolute First Amendment right to speak with whomever he chooses.

Taylor's request for relief seeks to bind two parties (Bailey and Lang) who aren't before the Court. It seems to be a basic violation of their due process to not force Taylor to name them parties and allow them to be heard particularly in the case of a news reporter who is protected by the First Amendment.

Respectfully submitted this 7th day of April 2025.

/s/ Mark E. Brown
Mark E. Brown (BPR #021851)
MENEFEE & BROWN, P.C.
2633 Kingston Pike, Ste. 100
Knoxville, Tennessee 37919
Phone: (865) 357-9800
Fax: (865) 357-9810
e-mail: mbrown@menefeebrown.com

*Attorney for the Defendant Edward Kelley*

## CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of April 2025, a true and exact copy of this document has been served via this Court's electronic filing system with service on all parties appearing on this Court's electronic service certificate. All parties in interest may access this pleading via ECF.

/s/ Mark E. Brown
Mark E. Brown

3

Case 3:22-cr-00118-TAV-JEM    Document 110    Filed 04/07/25    Page 3 of 3    PageID #: 975