UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| UNITED STATES OF AMERICA | No. 3:22-CR-118 |
|---|---|
| v. | Judge Varlan |
| EDWARD KELLEY | |

## UNITED STATES' RESPONSE

On March 28, 2025, William Taylor filed a motion to intervene and a motion for relief pursuant to the Crime Victims' Rights Act, 18 U.S.C. § 3771 ("CVRA"). (Docs. 104-106) Mr. Taylor's filings assert that the United States and the Defendant violated his CVRA rights and this Court's sealing orders resulting in the disclosure of his personal identifying information. The United States respectfully submits that it has violated neither Mr. Taylor's CVRA rights nor the Court's sealing orders. Nevertheless, the United States does not object to some of the relief he seeks.

### I. Background

On August 12, 2024, the day before trial was set to begin and the day of the final pretrial conference, Mr. Taylor delivered an unredacted letter to the Court ("Letter A"). In the relevant part of Letter A, Mr. Taylor identifies himself by name, includes his home address and telephone number, and provides additional identifying information such as his FBI retirement date, his former position in the FBI's Knoxville office, and that he was included on the Defendant's hit list. In the letter, he indicated that it "may . . . likely benefit the defendant." The Court provided the unredacted letter to the Defendant and to the United States.

Based on the contents of the letter, the Defendant sought a continuance of the trial in order further investigate its contents, and the United States did not object. The Court granted the continuance and orally ordered that Letter A remain under seal. Prior to taking any action, the

United States sought and obtained permission from the Court to share the letter with the FBI for review and further investigation.

On February 13, 2025, the United States received another letter from Mr. Taylor dated February 7, 2025 ("Letter B"). In Letter B, Mr. Taylor again included his name, address, and telephone number, as well as other identifying information to include his retirement date, and former position with the FBI's Knoxville office. Mr. Taylor also identified himself as the author of Letter A and he included Letter A as an attachment to Letter B.

Based on the contents of Letter B, the United States provided Letter B to counsel for the Defendant on the same day Letter B was received by the United States. Shortly thereafter, on February 28, 2025, the United States filed a supplemental response to the Defendant's motion for judgment of acquittal or new trial and included Letter B as a sealed exhibit. (Doc. 99.) At the United States' request, Court ordered that both the response and Letter B be filed and maintained under seal.

II. Analysis

As an initial matter, the United States agrees with Mr. Taylor that he is a "crime victim" under the CVRA. The evidence presented at trial showed that Mr. Taylor was identified by name on the list of targets the Defendant provided to Austin Carter in December 2022. Therefore, Mr. Taylor has been "directly and proximately harmed" by the Defendant's conduct. *See* 18 U.S.C. § 3771(e)(2)(A). As a "crime victim," Mr. Taylor has specific rights under the CVRA including the "right to be reasonably protected from the accused" and the "right to be treated with fairness and with respect for the victim's dignity and privacy." 18 U.S.C. §§ 3771(a)(1) and (a)(8). Mr. Taylor's assertions that the United States violated these rights in its handling of Letter A and Letter B are unfounded.

With respect to Letter A – which, by its own terms, explicitly suggested it may benefit the Defendant – the Court rightly provided copies to both the United States and to the Defendant. Upon receiving it, the United States sought and obtained permission from the Court to share the letter with the FBI. The purpose of providing Letter A to the FBI was not for retaliation as asserted by Mr. Taylor but was to ensure the United States satisfied its obligations to provide discovery to the Defendant. Based on the contents of Letter A, the United States shared it with the FBI to facilitate investigation of the allegations it contained. The United States did not violate Mr. Taylor's CVRA rights nor the Court's sealing order with respect to Letter A.

Mr. Taylor's objections to the United States' handling of Letter B are similarly misplaced. Providing Letter B in unredacted form to counsel for the Defendant was appropriate for at least two reasons. First, the letter contained allegations regarding the proof at trial, and redacting Mr. Taylor's name and contact information could have served to restrict defense counsel's access to material that purported to be potentially exculpatory. Second, even if Mr. Taylor's name and address were redacted, Letter B makes clear that it was authored by the same person who wrote Letter A, which the Defendant already possessed in unredacted form.

Likewise, filing Letter B in unredacted form under seal with the Court complied with Fed. R. Crim. Proc. 49.1. Rule 49.1(a) directs parties to redact from filings certain identifying information, such as home addresses. However, if the filing is under seal, it is exempt from the redaction requirement. Fed. R. Crim. Proc. 49.1(b)(5) and (d). Letter B was—and remains—under seal.

### III. Mr. Taylor's Requested Relief

The United States did not and will not violate Mr. Taylor's CVRA rights or this Court's sealing orders. Therefore, Mr. Taylor's request for relief in the form of sanctions and attorney's fees and his request for a list of individuals to whom the United States has disclosed Letter A and Letter

3

B in unredacted form, should be denied. Likewise, Mr. Taylor's request to inspect and copy transcripts and filings relating to Letter A and Letter B should be denied insofar as those transcripts and filings are under seal. These matters pertain to the evidence presented at trial and do not impact Mr. Taylor's CVRA rights.

However, the United States does not oppose some other forms of relief requested by Mr. Taylor. Specifically, the United States does not oppose Mr. Taylor's request to inspect and copy prior and future orders of the Court regarding the sealing or redaction of Letter A and Letter B (*e.g.*, Docs. 66, 74, and 100). To the extent it will not impede the United States' discovery obligations to the Defendant, the United States would not oppose the issuance of a Protective Order, restricting disclosure of unredacted Letter A, unredacted Letter B, or Mr. Taylor's contact information without first obtaining leave of Court. To the extent the Court concludes it has jurisdiction to order Mr. Taylor's requested relief related to Jake Lang and Brittany Bailey, the United States does not object to the Court so ordering.

Respectfully submitted,

FRANCIS M. HAMILTON III
UNITED STATES ATTORNEY

By: */s/ Casey T. Arrowood*
*/s/ Kyle J. Wilson*
Casey T. Arrowood
Kyle J. Wilson
Assistant United States Attorneys
TN BPR No. 038225
TN BPR No. 031844
800 Market Street, Suite 211
Knoxville, TN 37902
(865) 545-4167
Casey.Arrowood2@usdoj.gov
Kyle.Wilson@usdoj.gov