UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| UNITED STATES OF AMERICA, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| v. | ) | No.: 3:22-CR-118-TAV-JEM-1 |
| EDWARD KELLEY, | ) |  |
| Defendant. | ) |  |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on movant William Taylor's Motion to Intervene [Doc. 104] and Motion for Relief [Doc. 105]. In his first motion [Doc. 104], movant asserts that he is a "crime victim" pursuant to the Crime Victims' Rights Act. *See* 18 U.S.C. § 3771. In his second motion, movant seeks injunctive relief to protect one of his enumerated rights pursuant to 18 U.S.C. § 3771(a) [Doc. 105]. Following the Court's Order expediting briefing on these motions [Doc. 107], defendant and the government responded [Docs. 110, 111]. Movant replied [Doc. 114].

The instant motions implicate two letters authored by movant that the Court and the government received, respectively, during the pendency of this case. On November 12, 2024, the Court ordered that the government's proposed sealed document [Sealed Doc. 69], which contained a copy of the first such letter ("Letter A"), be placed under seal [Doc. 74]. On November 15, 2024, the Court entered a sealed written Order addressing the government's sealed motion [Sealed Doc. 80]. On March 3, 2025, the Court ordered that the government's proposed sealed document [Sealed Doc. 99], which contained a copy of

the second such letter ("Letter B"), be placed under seal [Doc. 100]. No other docket entries contain either of the letters at issue in movant's motions, nor do they otherwise personally identify him.

I.  **Motion to Intervene**

Movant first seeks to "formally intervene" in this criminal action because "[his] name appeared on Defendant Kelley's hit list" and, he argues, he is "a federal crime victim in this case" [Doc. 104, pp. 1–2]. Defendant takes no position as to whether movant qualifies as a crime victim [*See* Doc. 110, p. 1; *see also* Doc. 114, p. 1]. The government agrees with movant that he qualifies as a crime victim based on trial evidence identifying him as such [Doc. 111, p. 2].

The Crime Victims' Rights Act enumerates ten rights belonging to a "crime victim," defined as "a person directly and proximately harmed as a result of the commission of a Federal offense[.]" 18 U.S.C. §§ 3771(a), 3771(e)(2)(A). Among these rights is the requirement that a crime victim should be "treated with fairness and with respect for the victim's dignity and privacy." *Id*. § 3771(a)(8). The Act further provides that a crime victim's rights "shall be asserted in the district court in which a defendant is being prosecuted for the crime," by way of a "Motion for Relief." *Id*. § 3771(d)(3). "The district court shall take up and decide any motion asserting a victim's right forthwith." *Id*.

The Court finds that movant qualifies as a "crime victim" within the meaning of 18 U.S.C. § 3771(e)(2)(A); therefore, he will be permitted to bring an appropriate motion to enforce his enumerated rights under the Act. *See id*. § 3771(a). The United States Court

2

of Appeals for the Sixth Circuit has held that in determining whether an alleged victim was directly and proximately harmed by criminal conduct in the course of a conspiracy, courts must "(1) look to the offense of conviction, based solely on facts reflected in the jury verdict or admitted by the defendant; and then (2) determine, based on those facts, whether any person or persons were 'directly and proximately harmed as a result of the commission of [that] Federal offense.'" *In re McNulty*, 597 F.3d 344, 351 (6th Cir. 2010) (quoting *United States v. Atl. States Cast Iron Pipe Co.*, 612 F. Supp. 2d 453, 536 (D.N.J. 2009)). Here, a jury convicted defendant of conspiracy to murder employees of the United States, in violation of 18 U.S.C. § 1114 (Count 1); solicitation to commit a crime of violence, in violation of 18 U.S.C. §§ 1114 and 373 (Count 2); and influencing a federal official by threat, in violation of 18 U.S.C. § 115(a)(1)(B) (Count 3) [Docs. 17, 85]. Trial evidence established, and defendant does not appear to contest, that movant was among the federal employees whom defendant conspired to murder and/or threatened. Accordingly, movant William Taylor's Motion to Intervene [Doc. 104] is **GRANTED**.

II.     **Motion for Relief**

Next, movant seeks relief [Doc. 105], including (i) receipt of all prior and future orders of the Court regarding the sealing of and/or redactions of Letter A or Letter B; (ii) issuance of a protective order prohibiting the parties, counsel for the parties, Jake Lang, and/or Brittany Bailey from publicly sharing movant's home address and telephone number; (iii) issuance of an order requiring the parties to comply with the Court's sealing

orders; (iv) requiring the parties to provide a list to movant of all parties to whom they have disclosed unredacted copies of Letters A and B; and (v) other miscellaneous relief.

The government agrees in part with movant's requested relief [Doc. 111, pp. 3–4]. Specifically, it does not oppose his request to inspect prior and future orders of the Court regarding the sealing of and/or redactions of Letter A or Letter B, nor does it oppose his request for a protective order to the extent it will not impede its discovery obligations to defendant [*Id*. at 4]. However, the government opposes movant's request for a list of all parties to whom it has disclosed copies of Letters A and B, as well as his request to inspect transcripts and filings related to Letters A and B as such filings are sealed [*Id*.].

Defendant does not take a clear position for or against the relief requested by movant, apart from noting that movant "cannot make a claim against [Kelley or his counsel] under the Crime Victims' Rights Act" [Doc. 110, p. 1]. Counsel for defendant submits that he merely shared movant's letters with defendant as required by relevant rules of professional ethics [*Id*.]. Defendant specifically denies disclosing "information that would be considered sensitive in nature" to Lang or Bailey [*Id*. as 2–3]. Further, he denies the basis of movant's request for relief related to purported violations of the Court's sealing orders, stating that "[t]here is no protective order in place . . . [so] he cannot violate a non-existent order" [*Id*. at 3]. Defendant notes, as well, that Bailey and Lang are not parties to this action, rendering movant's request as to them dubious on due process grounds [*Id*.].

In reply, movant notes the lack of opposition as to his intervention [Doc. 114, p. 1]. Then, he provides extensive background allegations beyond the scope of the instant relief

4

he requests [*See id*. at 2–6].  Movant also rejects defendant's assertion that the absence of a protective order as to Letters A and/or B implicitly authorized defendant's disclosure of sealed Court documents [*Id*. at 7–8].

As an initial matter, the Court observes that drafting and filing an unsolicited letter in a criminal action to which the author is not a party necessarily requires the Court to inform the parties to the action.  *See* Fed. R. Crim. P. 49(a)(1) ("Each of the following must be served on every party: any written motion (other than one to be heard ex parte), written notice, designation of the record on appeal, or similar paper.").  Other than providing the parties with a sealed and/or redacted copy of such a letter, the Court's only other apparent course of action would have been to disregard such a filing.[1]

That said, movant's request that the Court ensure he is "treated with fairness and with respect for [his] dignity and privacy" is well-taken.  *Id*. § 3771(a)(8).  *See also* Fed. R. Crim. P. 16(d)(2)(D) (authorizing the court to "enter any other order that is just under the circumstances" where a party fails to comply with discovery and/or disclosure requirements).  To that end, his Motion for Relief [Doc. 105] is hereby **GRANTED in part** and **DENIED in part**.  The Court reiterates and amplifies its prior sealing Orders [*See* Docs. 74, 100 (emphasis added) (ordering that "the filing shall be sealed with *the exception*

---

[1] The Court acknowledges movant's statement in Letter A that his letter be "sealed" or "otherwise protected" if the Court determined it was relevant "to the trial" [Sealed Doc. 69-1, p. 3].  In view of the broad relevance standard set by Federal Rule of Evidence 401 and the aforementioned Federal Rule of Criminal Procedure 49(a)(1) requiring that all parties have access to any papers and motions in a pending case, it is unclear to the Court that an alternative course of action was available, barring destruction and disregard of the letter.

5

Case 3:22-cr-00118-TAV-JEM   Document 118   Filed 04/16/25   Page 5 of 6   PageID #: 1024

that counsel shall provide copies to opposing counsel and the United States Probation Office")]; that is, all docket entries containing movant's Letters A and B, or contents thereof, are **SEALED** and are not to be viewed, distributed, or otherwise disclosed to any person who is not a party to this action or counsel to such parties. By virtue of his intervention, movant may access and inspect these prior orders regarding sealing. The Court will not grant further relief at this time, including but not limited to movant's request for a list of individuals to whom the parties disclosed the letters and/or his request for sanctions against non-parties to this action.

    IT IS SO ORDERED.

                                          s/ Thomas A. Varlan
                                          UNITED STATES DISTRICT JUDGE