IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) Case No: 3:22-cr-118 |
| | ) JUDGE VARLAN |
| EDWARD KELLEY, | ) Magistrate Judge McCook |
| | ) |
| Defendant. | ) |

**MOTION BY THE DEFENDANT EDWARD KELLEY FOR RELEASE ON CONDITIONS PENDING APPEAL**

COMES the Defendant Edward Kelley ("Kelley") by and through counsel and pursuant to 18 U.S.C. §3143(b) and 18 U.S.C. §3145(c) and moves this Court to release Kelley from custody pending appeal. As set forth herein, Kelley's circumstances, which changed significantly on January 20, 2025, meet the standard for release pending appeal.

## INTRODUCTION

Kelley is facing sentencing on July 2, 2025, after convictions on charges of conspiracy to murder employees of the United States, solicitation to commit a crime of violence, and influencing a federal official by threat. This case is a companion case to one filed against Kelley in the United States District Court for the District of Columbia relating to actions at the United States Capitol on January 6, 2021. Kelley was found guilty of 11 of 12 charges in the D.C. case. But prior to sentencing, which was scheduled for April 7th, that case was dismissed after Kelley received a Presidential Pardon from President Donald J. Trump.

After his pardon, Kelley moved this Court to vacate his conviction arguing that the scope of the pardon was broad enough to cover his conduct in his case. On March 10, 2025, this Court denied the motion. (Doc. No. 102).

1

Kelley intends to appeal that decision as part of his overall appeal after entry of a Final Judgment on July 2nd. But forcing Kelley to begin serving a sentence when there is a substantial issue for the Court of Appeals consideration equates to exceptional circumstances which permit him to be released while his appeal works through the appeal process. Kelley has been in custody since December 15, 2022.

## ARGUMENT

For release pending appeal, a defendant is required to demonstrate by clear and convincing evidence that his release would not pose a risk of flight or danger to another person or the community and that his appeal is not for delay and raises a substantial question of law or fact likely to result in a reversal, a new trial, a sentence that does not include a term of imprisonment or a reduced sentence to a term of imprisonment less than the total of time already served plus the expected duration of the appeal process. *United States v. Hazelwood,* No. 18-6023, 2018 U.S. App. Lexis 32163 at *1 – 2 (6th Cir. Nov. 13, 2018) (citing, 18 U.S.C. §3143(b)(1)). "This statute creates a presumption against release pending appeal." *Id*. at *2 (citing, *United States v. Chilingirian*, 280 F. 3d 704, 709 (6th Cir. 2002) (court found that the appeal raised a substantial question for purposes of release under the bail statute).

"Title 18 U.S.C. §3143(b) requires a district court to make two findings before granting bail pending appeal." *United States v. Pollard*, 778 F. 2d 1177, 1181 (6th Cir. 1985). First, a district court must find that the convicted person will not flee or pose a danger to the community if the court grants bail." *Id*. "Second, the district court must find that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in reversal or an order for release." *Id*. "The statute does not require the district court to find that it committed reversable error." *Id*. at 1181 – 1182.

2

In *Pollard* the Sixth Circuit adopted the Eighth Circuit's holding in *United States v. Powell*, 761 F. 2d 1227) (8th Cir. 1985) (en banc) and found that "an appeal raises a substantial question when the appeal presents a close question or one that could go either way and that the question is so integral to the merits of the conviction that it is more probable than not that reversal or a new trial will occur if the question is decided in the defendant's favor." *Id*. at 1182.

See also, *United States v. Newman*, No. 3:15-cr-27-TAV-DCP, 2020 U.S. Dist. Lexis 240740 at *4 (E.D. Tenn. Dec. 22, 2020) ("A person subject to detention pursuant to section 3143(b)(2) and who meets the conditions of release set forth in section 3143(b)(1), may, however, be ordered released under appropriate conditions…if it is clearly shown that there are exceptional reasons why such persons detention would not be appropriate 18 U.S.C. §3145(c)").

"A substantial question is one which is either novel, which has not been decided by controlling precedent, or which is fairly doubtful." *Id*. at *6 (citing, *United States v. Miller*, 753 F. 2d 19, 23 (3d Cir. 1985)). "Thus, to determine whether the question raised on appeal is substantial a judge must essentially evaluate the difficulty of the question he previously decided." *Id*. (citing, *United States v. Sutherlin*, 84 Fed. App'x 630, 631 (6th Cir. 2003)).

There is no dispute that Kelley can meet the initial requirements. He is not a danger to flee. His two sons live in Maryville with his ex-wife and his father lives in Jamestown after relocating from Washington State. Kelley can reside with his father during the appeals process and address numerous issues that have arisen as part of his divorce, primarily his ex-wife's unreasonable spending which has wiped out his entire savings. Given his family ties and issues relating to his divorce and child custody, Kelley has every incentive to remain in Tennessee.

Kelley is not a danger if released. This case did not involve any actual physical injury to anyone. And any concerns in this regard may be satisfied with a condition that specifically requires

3

him not to engage with anyone from the FBI, his co-conspirators, and witnesses against him. Any violation will result in a revocation of his release.

This case also fits the classic definition of exceptional circumstances. The issue regarding the scope of Kelley's pardon for the Washington, D.C. charges is novel, not subject to any controlling precedent and can go either way. There's no dispute that if the Court of Appeals rules in Kelley's favor and decides that his Presidential pardon covers this case, then this conviction will be vacated, and he will be a free man. It's unclear how long the appeals process may take as the substantial question involved is likely to be the subject of a petition for writ of certiorari to the United States Supreme Court in the event of an adverse decision at the Court of Appeals. It is unfair for Kelley to be assigned to and serve time in a maximum-security prison when this novel question works its way through the court system and could very well result in complete exoneration.

Finally, Kelley is not trying to delay incarceration. He's been in custody since December 15, 2022, and has not previously sought to be released. He only does so now because the Presidential pardon of January 20, 2025, completely changed the nature of this case. If the substantial question is resolved in his favor, this case is over and there is no sentence to be served. Kelley's circumstances meet the narrow exceptions for release pending appeal.

## CONCLUSION

For reasons stated herein, Defendant Edward Kelley respectfully requests that this Court grant him release on conditions pending his appeal of his conviction and sentence in this case.

Respectfully submitted this 18th day of June 2025

/s/ Mark E. Brown
Mark E. Brown (BPR #021851)
MENEFEE & BROWN, P.C.
2633 Kingston Pike, Ste. 100

4

Knoxville, Tennessee 37919
Phone: (865) 357-9800
Fax: (865) 357-9810
email: mbrown@menefeebrown.com

*Attorney for the Defendant Edward Kelley*

## CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of June 2025 a true and exact copy of this document has been served via this Court's electronic filing system. Service is made on all parties appearing on this Court's electronic service certificate. All parties in interest may access this pleading via ECF.

/s/ Mark E. Brown
Mark E. Brown