UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 3:22-CR-118-TAV-JEM-1 |
| | ) | |
| EDWARD KELLEY, | ) | |
| | ) | |
| Defendant. | ) | |

# **ORDER**

Before the Court is defendant's Motion to Strike United States Sentencing Memorandum [Doc. 128], requesting that the Court strike, or seal in the alternative, the government's sentencing memorandum filed on June 17, 2025 [Doc. 127]. In support, defendant submits that the memorandum "contains scandalous and unsubstantiated, not to mention uncharged allegations that have no relevance to the defendant's sentencing" [Doc. 128]. Further, he argues that the contents of the memorandum "place [him] in a false light and should not be part of the record in this case" [*Id.*].

The United States Court of Appeals for the Sixth Circuit "has held again and again that '[o]nly the most compelling reasons can justify non-disclosure of court records.'" *Grae v. Corr. Corp. of Am.*, 134 F.4th 927, 931 (6th Cir. 2025) (quoting *In re Knoxville News-Sentinel Co., Inc.*, 723 F.2d 470, 476 (6th Cir. 1983)). A party seeking to strike or seal a court record must rebut the presumption in favor of openness by "analyz[ing] in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *Doe v. Lee*, 599 F. Supp. 3d 701, 705 (M.D. Tenn. 2022) (quoting *Shane Grp.*

*v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305–06 (6th Cir. 2016)) (citation omitted); *see United States v. Hasanzadeh*, No. 20-20594, 2025 WL 1019763, at *1 (E.D. Mich. Apr. 4, 2025) (denying a defendant's request to seal documents on grounds that "he has not met his heavy burden as to why these documents should be sealed").

Here, defendant alleges that the government's sentencing memorandum contains "scandalous" and "unsubstantiated" material, but he does not cite specific pages or content he wishes to strike or seal [*See* Doc. 128]. More importantly, he does not provide "reasons and legal citations" in support of sealing. *Doe*, 599 F. Supp. 3d at 705. And the Court has not been made aware of legal authority for the proposition that "scandalous" information, without more explanation, should be sealed in contravention of the Sixth Circuit's "strong presumption of openness regarding court records." *Grae*, 134 F.4th at 932 (quoting *Rudd Equip. Co., Inc. v. John Deere Constr. & Forestry Co.*, 834 F.3d 589, 593 (6th Cir. 2016)). Further explanation is particularly essential where, as here, the record in question was filed in compliance with a Local Rule of this Court that requires both parties to submit "[a]ll other sentencing motions and sentencing memoranda . . . at least 14 days before a sentencing hearing." E.D. Tenn. L.R. 83.9(j).

In sum, defendant has not met his heavy burden to justify striking or sealing of the government's sentencing memorandum. Therefore, his motion [Doc. 128] is **DENIED** without prejudice to refile.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE