UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>EDWARD KELLEY | No. 3:22-CR-118<br><br>Judge Varlan |

### UNITED STATES' RESPONSE TO DEFENDANT'S
### MOTION FOR RELEASE ON CONDITIONS PENDING APPEAL

The Defendant – who, while on conditions of release in a different federal case, conspired to murder, solicited violence against, and threatened law enforcement – moves the Court to release him pending his appeal. The Court should deny the Defendant's motion.

In December 2022, a Grand Jury of this Court charged the Defendant with one count of conspiracy to murder federal officials, one count of soliciting a crime of violence, and one count of threatening federal officials. As described more thoroughly in other pleadings (e.g., Doc. 127), the proof established that the Defendant devised a plan to murder federal, state, and local law enforcement personnel in East Tennessee. The plan included targeting specific individuals identified on a kill list and attacking the FBI office in Knoxville with various iterations of improvised explosive devices. On November 20, 2024, a jury convicted the Defendant of all three counts. (Doc. 85). He is set to be sentenced on July 2, 2025.

As a baseline proposition, a defendant who is convicted of offenses for which this Defendant now faces sentencing must be detained pending any appeal. 18 U.S.C. § 3143(b). Indeed, § 3143(b) "creates a presumption against release pending appeal." *United States v. Chilingirian*, 280 F.3d 704, 709 (6th Cir. 2002)

There are limited exceptions to this rule. As this Court has previously explained:

> A person subject to detention pursuant to section 3143(b)(2), and who meets the conditions of release set forth in section 3143(b)(1), may, however, "be ordered released, under appropriate conditions, ... if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate." 18 U.S.C. § 3145(c). Each defendant therefore must make two showings to be ordered released under section 3145(c). First, she must show that she meets the conditions of release set forth in section 3143(b)(1). Section 3143(b)(1) establishes two conditions of release: (1) a defendant must show "by clear and convincing evidence that [she] is not likely to flee or pose a danger to the safety of any other person or the community if released on conditions," § 3143(b)(1)(A); and (2) a defendant must show "that the appeal is not for the purpose of delay and raises a substantial question of law or fact" likely to result in reversal, a new trial, a sentence that does not include a term of imprisonment, or a reduced sentence. § 3143(b)(1)(B). And second, she must show that exceptional circumstances make her detention pending appeal inappropriate.

*United States v. Newman*, 2020 WL 7635055, at *2 (E.D. Tenn. Dec. 22, 2020); *see also, e.g.*, *Chilingirian*, 280 F.3d at 709 (discussing the conditions of release in § 3143(b)(1)); *United States v. Rodriguez*, 50 F. Supp. 2d 717, 719 (N.D. Oh. 1999) ("Therefore, a judge must find that a defendant does not pose a risk of flight or a danger to the community and raises a substantial question of law or fact, not presented simply to delay incarceration, for determination on appeal before considering whether 'exceptional reasons' exist making detention inappropriate.").[1]

In this case, the Defendant has not shown by clear and convincing evidence that he is unlikely to present a danger to the community or that his appeal raises a substantial question of law or fact likely to result in reversal, an order for new trial, or a non-custodial sentence. Nor does he demonstrate exceptional reasons making detention is inappropriate. For any one of these independent reasons, the Court should deny his motion.

---

[1] Because the Defendant has been convicted of offenses described in § 3142(f)(1)(A) and (B), the mandatory detention provisions of § 3143(b)(2) apply, meaning that – in addition to satisfying the conditions set forth in § 3143(b)(1) – the Defendant must also show "exceptional reasons" why detention is inappropriate. *See Rodriguez*, 50 F. Supp. 2d at 719 (discussing the interplay of § 3145(c)'s "exceptional reasons" component and § 3143(b)). However, even analyzed under § 3143(b)(1), the Defendant's motion still fails, as he has not demonstrated that he is not a danger or that substantial questions of law or fact exist in this case.

2

Most notably, the Defendant fails to meet his burden of showing by clear and convincing evidence that he does not pose a danger to the safety of any other person or the community. 18 U.S.C. § 3143(b)(1)(A). If anything, the evidence shows the opposite is true.

The Defendant committed crimes that are serious, violent, and all designed to achieve the same end: the murder of federal, state, and local law enforcement. He formed a self-styled militia to attack the FBI. He conducted combat drills to realize his plan. He strategized ways to bomb the FBI Knoxville office. He identified a "hornet's nest" at which to store his various weapons at "arms' reach." He devised a kill list of individual agents to be targeted. He gave the go-ahead command – "start it" – to his confederates, noting that "every hit has to hurt."

He did all of this while under conditions of release similar to those he now requests. Though he suggests a no-contact condition can mitigate the risk he poses, he has already demonstrated his unwillingness to adhere to the terms of federal-court supervision. The Defendant has not shown – by clear and convincing evidence or any other standard – that he does not present a danger to the community, including and especially to law enforcement and the 36 names on his kill list.[2] This, standing alone, is fatal to his motion for release.

Entirely separately, there is no substantial question of law or fact that calls into doubt the result of the Defendant's trial.[3] This, too, makes release pending appeal inappropriate.

---

[2] As discussed further in the United States' sentencing memorandum, the Defendant's proclivity for possessing and viewing child pornography also presents a discrete danger to the community. (*See* Doc. 127 at 10-11); *United States v. Hoilman*, 2023 WL 4074630, at *2 (6th Cir. Apr. 24, 2023). Likewise, release would still be inappropriate here even if the Defendant had pleaded guilty and accepted responsibility for his crimes – his lack of remorse does not aid his present motion. (*See* Doc. 127 at 8).

[3] "[A]n appeal raises a substantial question when the appeal presents a close question or one that could go either way and that the question is so integral to the merits of the conviction that it is more probable than not that reversal or a new trial will occur if the question is decided in the defendant's favor." *United States v. Pollard*, 778 F.2d 1177, 1182 (6th Cir. 1985). "Since the district court is

3

This case presents no substantial question of fact. The jury's conclusion is founded on a bevy of admissible evidence, ranging from eyewitness and co-conspirator testimony to digital forensics to the Defendant's own recorded statements. In denying the Defendant's motion for new trial and judgment of acquittal, the Court has already rightly found that the evidence at trial amply supports the Defendant's convictions. (*See* Doc. 101). There are no grounds to disturb that holding by now concluding a question of fact exists such that his release pending appeal is warranted.

So, too, is there no substantial question of law in this litigation. In the Defendant's motion, he relies on his claim that the January 20, 2025, Presidential Proclamation functions as a pardon requiring dismissal of the above-captioned litigation. The United States relies on and reiterates here its response to the Defendant's motion to dismiss, in which it directly addressed this issue and articulated why the Proclamation does not apply to this case. (Doc. 95).

More importantly, the Court has conclusively and soundly rejected this theory based on a plain reading of the Proclamation. In its opinion denying his motion to dismiss, the Court concluded that the Proclamation – which concerned "offenses related to events that occurred at or near the United States Capitol on January 6, 2021" – did not bear on this case, which involved the "defendant's entirely independent criminal conduct in Tennessee, in late 2022, more than 500 miles away from the Capitol: threatening, soliciting, and conspiring to murder agents, officers, and employees of the FBI, Tennessee Bureau of Investigation, Tennessee Highway Patrol, Maryville Police Department, Blount County Sheriff's Office, and Clinton Police Department." (Doc. 102 at 19-20; Doc. 95 at 2). That holding was – and remains – well-reasoned and sound. There is no basis

---

familiar with the case, the district court is in an excellent position to determine in the first instance whether the defendant raises a substantial question on appeal." *Id*.

on which to conclude that the Defendant's renewed claim to the contrary somehow now presents a substantial question of law meriting his release.

Because the Defendant does not meet the conditions of 18 U.S.C. § 3141(b)(1), the Court should deny his motion for release pending appeal, and it need not address whether he has shown exceptional reasons demonstrating why his continued detention is inappropriate. Nevertheless, he has shown no such reasons.

The Defendant asserts that exceptional reasons exist because of his intent to continue litigating the scope of the Proclamation, by which he believes his conviction may be vacated. The United States rejects the premise of the argument. *See, e.g.*, *United States v. Wilson*, 2025 WL 999985, at *2 (D.C. Cir. Apr. 2, 2025) (order denying release pending appeal of a § 2255 motion to vacate, rejecting an argument similar to that now advanced by this Defendant, finding that the defendant had not established exceptional reasons or a likelihood of success on the merits, and noting that "for an offense to fall within [the Proclamation's] scope, it must be tethered to a specific time – January 6, 2021 – and place – at or near the U.S. Capitol"). But irrespective of its lack of merit, the Defendant's claim presents no "exceptional reasons why [his] detention would not be appropriate." 18 U.S.C. § 3145(c). In virtually every criminal appeal, the Courts of Appeals and Supreme Court maintain the ability to vacate a conviction or sentence based on the argument of a defendant. The fact that the Defendant intends to pursue this case on appeal does not present a set of circumstances so out of the ordinary as to merit release, particularly considering the nature of the crimes of conviction.

The Defendant stands convicted of conspiring to murder federal, state, and local law enforcement; soliciting violence against them; and threatening them. He has not shown by clear and convincing evidence that he is not a danger or flight risk. He has not shown a substantial question

of law or fact likely to result in reversal, a new trial, or a sentence that does not include a term of imprisonment. There are no exceptional circumstances present to suggest that his detention pending appeal is inappropriate. Each one of these reasons is an independent basis on which his request to be released pending appeal must fail. The Court should therefore deny his attendant motion.

Respectfully submitted,

FRANCIS M. HAMILTON III
UNITED STATES ATTORNEY

By: */s/ Casey T. Arrowood*
*/s/ Kyle J. Wilson*
Casey T. Arrowood
Kyle J. Wilson
Assistant United States Attorneys
TN BPR No. 038225
TN BPR No. 031844
800 Market Street, Suite 211
Knoxville, TN 37902
(865) 545-4167
Casey.Arrowood2@usdoj.gov
Kyle.Wilson@usdoj.gov